[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13939
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cr-00121-RBD-KRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REBECA RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 3, 2021)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Rebeca Rivera, a federal prisoner, appeals the district court's denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). On appeal, Rivera argues that the district court erred by treating the policy statements found in U.S.S.G. § 1B1.13 as binding, and she asserts that her facility's failure to control the spread of COVID-19 and her obesity demonstrate an extraordinary and compelling reason for relief. She also argues that the district court erred by not considering the 18 U.S.C. § 3553(a) factors anew, as her post-sentencing rehabilitative conduct was relevant to her relief.

We review the denial of a prisoner's § 3582(c)(1)(A) motion solely for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015). Abuse of discretion is a deferential standard of review, under which we will affirm even in situations where we would have made a different decision had we been in the district court's position. *United States v. Frazier*, 387 F.3d. 1244, 1259 (11th Cir. 2004) (*en banc*) (citation omitted).

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule."

2

*United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015).  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction.  18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002, to Dec. 20, 2018).  The First Step Act amended § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).  The district court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

When reviewing a motion to reduce a sentence, the district court engages in a two-step inquiry.  *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (stating the standard in a motion brought under § 3582(c)(2) based on a retroactive amendment to the Sentencing Guidelines); *see also United States v. Bryant*, 996

3

F.3d 1243, 1251 (11th Cir. 2021) (applying *Dillon* in the § 3582(c)(1)(A) context).

First, the court must determine if the defendant is eligible for a reduction,

considering the applicable policy statements. *Dillon*, 560 U.S. at 826-27. Second,

it must then consider whether a reduction is warranted after considering the

§ 3553(a) factors. *Id.*

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13.

*See* U.S.S.G. § 1B1.13. Those policy statements list four circumstances which

may constitute extraordinary and compelling reasons: (1) a prisoner's medical

condition, if she has a terminal disease or is suffering from a physical or mental

condition that diminishes her ability to provide self-care in prison; (2) a prisoner's

age, if she is at least 65 years' old, is experiencing a significant decline in health

because of her age, and has served at least 10 years or 75 percent of her term; (3) if

a prisoner becomes the only potential caregiver for a minor child or spouse; and

(4) if, "[a]s determined by the Director of the BOP, there exists in the defendant's

case an extraordinary and compelling reason other than, or in combination with,"

the other three reasons. *See id.* § 1B1.13, comment. (n.1(A)-(D)).

We recently determined that § 1B1.13 is an applicable, binding policy

statement that must be considered when a defendant moves for compassionate

release under § 3582(c)(1)(A). *Bryant*, 996 F.3d at 1262. Thus, "district courts

may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would

4

be consistent with [§] 1B1.13." *Id.* As for § 1B1.13's catch-all provision in Application Note 1(D), we determined that we "cannot replace the phrase '[a]s determined by the Director of the [BOP]' with 'as determined by a district court,'" and accordingly, courts may not "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248, 1263.

Here, the district court did not abuse its discretion in denying Rivera's motion for compassionate release. The district court properly applied § 1B1.13 as binding and concluded that Rivera had failed to establish one of the extraordinary and compelling reasons for sentencing relief listed in the policy statements. Specifically, the district court found that Rivera's obesity alone did not qualify as an extraordinary and compelling reason for relief, despite placing her at greater risk of death or serious illness due to COVID-19, because her facility was taking institutional steps to control the spread of virus. And because the district court found that Rivera was not eligible for compassionate release under the applicable policy statements, it had no reason to examine the § 3553(a) factors, which cannot serve as an independent basis for sentencing relief. *See Dillon*, 560 U.S. at 826-27. Accordingly, we affirm.

**AFFIRMED.**